NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DANIEL SCOTT CUTRARA, *Appellant.*

No. 1 CA-CR 16-0685
FILED 10-19-2017

Appeal from the Superior Court in Maricopa County
No. CR2015-141315-001 DT
The Honorable Richard L. Nothwehr, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jason Lewis
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

---

**C R U Z**, Judge:

¶1 Daniel Scott Cutrara appeals his convictions under Arizona Revised Statutes ("A.R.S.") section 13-3506 for furnishing harmful items to minors, i.e., magazines depicting photographs of nude women. Cutrara claims the prosecutor misstated the law when she argued the jury could find Cutrara guilty for storing his pornographic magazines in a closet where minors found them, absent evidence Cutrara presented or offered the magazines to the minors. Because we hold the prosecutor correctly stated the law, no fundamental, prejudicial error occurred, and we therefore affirm Cutrara's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Cutrara was indicted on two counts of contributing to the dependency of a child, both Class 1 misdemeanors; two counts of furnishing obscene or harmful items to minors, both Class 4 felonies; molestation of a child, a Class 2 felony and dangerous crime against children; and sexual conduct with a minor, a Class 2 felony and dangerous crime against children.

¶3 At trial, Cutrara's step-daughter K.S. and her friend S.G. (the "victims"), both under the age of sixteen, testified Cutrara gave them alcohol and brought out pornographic magazines from a closet to show them as they sat together in the living room, even handing one of the magazines to K.S. The victims also testified Cutrara made inappropriate comments about women's bodies and K.S.'s body.

¶4 Cutrara testified in his defense at trial. He admitted he kept pornographic magazines in a closet, but denied showing them to the victims.

¶5 While settling jury instructions, the court made the following statements concerning *mens rea*, to which neither party objected:

So then it's intentionally, or with intent to, defined. Intent, inference, knowingly defined. Included mental state. Knowingly. Recklessly defined. And by our agreement yesterday, it simply will read recklessly or reckless disregard means that the defendant is aware of and consciously disregards a substantial and unjustifiable risk that conduct will result in conduct forbidden by law.

¶6 Later, in instructing the jury, the court defined "recklessly" as meaning "that a defendant is aware of and consciously disregards a substantial and unjustifiable risk that conduct will result in conduct forbidden by law. The risk must be of [sic] such that disregarding it is a gross deviation from what a reasonable person would do in the situation." The jury was instructed regarding furnishing obscene and harmful items to minors as follows:

Count 3 and 4 allege the crime of Furnishing Obscene or Harmful Items to Minors, and requires proof that the defendant, with knowledge of the character of the item involved, recklessly furnished, presented, provided, made available, gave, lent, showed, or distributed to a minor Playboy magazines, alleged to be an item that is harmful to minors.

¶7 At closing, consistent with both victims' testimony, the prosecutor argued Cutrara brought out pornographic magazines and showed them to the girls. However, given Cutrara's testimony that he did not actively show the girls the magazines, the prosecutor also argued that "even if you think that the defendant did have the magazines in his closet, and was reckless about whether the girls could have found them, if the *Playboys* were harmful . . . you can still find him guilty on those furnishing counts." Cutrara did not object.

¶8 The jury found Cutrara guilty on the counts of contributing to the dependency of a minor and furnishing obscene or harmful items to minors.[1]

¶9 This Court has jurisdiction of Cutrara's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A).

---

[1] The jury acquitted Cutrara on the charges of molestation of a child and sexual conduct with a minor.

## DISCUSSION

¶10      Because Cutrara did not object at trial to the prosecutor's statement, this Court reviews his argument for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). Fundamental error goes to the foundation of a case, takes from the defendant a right essential to his defense, and is of such magnitude that the defendant could not have received a fair trial. *Id.* To prevail under fundamental error review, "a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *Id.* at ¶ 20.

¶11      Cutrara argues the prosecutor committed fundamental, prejudicial error by misstating the law regarding the act required to convict him under A.R.S. § 13-3506. According to Cutrara, A.R.S. § 13-3506 requires an affirmative act on the defendant's part. He further contends the prosecutor misstated the law by arguing that "if [the jury] think[s] that the defendant did have the magazines in his closet, and was reckless about whether the girls could have found them, if the *Playboys* were harmful for a 14- or 15-year-old girl to look at, [the jury] can still find him guilty on those furnishings counts."

¶12      Section 13-3506(A) provides:

> It is unlawful for any person, with knowledge of the character of the item involved, to recklessly furnish, present, provide, **make available**, give, lend, show, advertise or distribute to minors any item that is harmful to minors.

A.R.S. § 13-3506(A) (Emphasis added.)

¶13      The prosecutor's statement correctly advised the jury that, under A.R.S. § 13-3506(A), recklessly making harmful items available to minors is sufficient to convict a defendant of furnishing harmful items to minors.

¶14      Cutrara's argument that A.R.S. § 13-3506 requires an affirmative step focuses on other various means by which a defendant may violate the statute, i.e., by "provid[ing]," "giv[ing]," "lend[ing]," "show[ing]," "advertis[ing]," or "distribut[ing]" harmful materials to minors. To be sure, those verbs plainly imply affirmative acts by a defendant, and if the jury believed the victims' testimony that Cutrara brought out the magazines from the closet and showed them to the girls, it could have convicted him for that conduct. But the State's alternative theory was that Cutrara made the magazines available to the girls by

recklessly leaving them in a closet where they could obtain them. On this theory, as the prosecutor argued, the jury could very well find Cutrara took affirmative steps in violation of the statute when he bought the magazines and placed them in the closet in such a manner that they were easily available to minors.

¶15 Cutrara is correct that the statute does not criminalize mere possession of harmful items by one who happens to live in a home with minors; as applied here, the statute criminalizes reckless conduct that results in a minor's exposure to obscene or harmful materials. Therefore, even if the jury disbelieved the evidence that Cutrara showed the magazines to the victims, it could find Cutrara guilty if it found he recklessly stored harmful materials and thereby made them available to the victims.

## CONCLUSION

¶16 Based on the foregoing, we hold the prosecutor correctly stated the law regarding A.R.S. § 13-3506, no fundamental error occurred, and therefore affirm Cutrara's convictions and resulting sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA